COHN *v.* COUNTY OF OAKLAND.

TOWNSHIPS—TAX LIMITATION—CONTRACTS FOR SEWAGE-DISPOSAL
SYSTEM.
> *Contract of township whereby it was to participate with other municipalities in construction of multimillion dollar sewage-disposal project, entered into without having been submitted to electors and pursuant to statute permitting township to pledge and tax without limit, held, invalid, since it is contrary to the 15-mill tax-limitation amendment of the Constitution (Const 1908, art 10, § 21, as amended in 1948; PA 1957, No 185, § 12). Per SMITH, BLACK, VOELKER, and KAVANAGH, JJ., only.*

Appeal from Oakland; Hartrick (George B.), J. Submitted July 30, 1958. (Docket No. 62, Calendar No. 47,807.) Decided October 13, 1958. Rehearing denied December 2, 1958. Reconsideration of denial of rehearing denied April 13, 1959.

Bill by Irwin I. Cohn against the County of Oakland, its board of supervisors, its board of public works, the Townships of Farmington, West Bloomfield and Southfield and the City of Keego Harbor to enjoin proceedings under proposed plan for a sewage-disposal system, to invalidate certain contracts between governmental agencies and to determine void any proposed tax levy within the district. Bill dismissed. Plaintiff appeals. Affirmed by an

---

REFERENCES FOR POINTS IN HEADNOTES
51 Am Jur, Taxation § 138.

equally divided court.*    See 354 Mich 180.    Opinion on application for reconsideration of denial of rehearing filed by 4 members of the Court.

*Avern L. Cohn,* for plaintiff.

*Harry J. Merritt,* Corporation Counsel, for defendant Oakland County.

*Claude H. Stevens,* for defendants Oakland County, its board of supervisors, its board of public works and the Township of West Bloomfield.

*Thomas J. Dillon, Jr.,* for defendant City of Keego Harbor.

*Joseph T. Brennan, Jr.,* for defendant Township of Farmington.

*James C. Allen,* for defendant City of Southfield, successor of Township of Southfield.

*Amicus Curiae* on rehearing:

State of Michigan, by *Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *G. Douglas Clapperton* and *Florence N. Clement,* Assistants Attorney General.

### On Reconsideration of Denial of Application for Rehearing.

Black, J.    That our equally divisive opinions, handed down October 13, 1958 (*Cohn* v. *County of Oakland,* 354 Mich 180, 190), have left this proposed multimillion dollar sewage-disposal project in a state

* See CL 1948, § 601.26 (Stat Ann § 27.46).—Reporter.

of legal uncertainty, is quite evident. By application for reconsideration, defendants' counsel request that a majority of our membership attest validity of the contract (considered in such former opinions) regardless of the negative answer 4 of us have given to decisive question 2 (see quotation, 354 Mich at page 190) and regardless of omission by our remaining membership of answer to question 2.

The undersigned hold again, and so repeat such negative answer, that the defendant townships may not (without elective approval) levy property taxes in excess of the limitation established by article 10, § 21, Const 1908, as amended. It follows that such townships may not validly contract as in section 12* of the act (PA 1957, No 185) provided. Without specifying any limit as to the rate or amount of the levy, section 12 requires each contracting township to pledge its full faith and credit for the payment of the obligations it has assumed under the contract and to levy, each year, property taxes in such amount as "will be sufficient for the prompt payment of that part of the contract obligations as shall fall due before the following year's tax collection." The contract in turn, by paragraph 7 thereof, requires each such township to so pledge and tax.

Without appropriate limitation comporting with said section 21 the legislature cannot authorize townships to levy, annually, property taxes in amounts "sufficient" for the payment of contract obligations undertaken by authority of said Act No 185. The reason is that the amount of such annual levy is left, by said section 12, without limit excepting as the contracting units may agree. These townships, hence, are in position where they have contracted to do that which (if other usable funds and revenues are short

* CL 1948, § 123.742 (Stat Ann 1957 Cum Supp § 5.570[12]).—
Reporter.

of upcoming payment schedules) of necessity will violate the constitutional limitation.

Section 12 of the statute is unconstitutional in its application to townships. Paragraph 7 of the contract is, so far as it purports to obligate these townships, invalid.

Denial of rehearing affirmed.

SMITH, VOELKER, and KAVANAGH, JJ., concurred with BLACK, J.